BROWN v. WYMAN ET AL.

1. **Mechanic's Lien:** IMPROVEMENT UPON LAND: BREAKING PRAIRIE. The breaking of prairie is not an improvement upon land such as will entitle the person doing the breaking to a mechanic's lien therefor.

*Appeal from Floyd Circuit Court.*

SATURDAY, JUNE 18.

ON the 15th day of February, 1876, Amos Pearsall entered into a written contract with Ira Wyman, for the sale to him of one hundred and sixty acres of land, at the price of $2,080, and the taxes for 1875, the contract providing for payment as follows: $200, November 1, 1877; $500, November 1, 1878, 1879 and 1880 respectively, and $380 November 1, 1881. The contract further provides that if Wyman shall pay the taxes of 1875 before April 1, 1876, and the taxes of succeeding years before they become delinquent, and break one hundred acres on or before July 10, 1876, and construct a dwelling-house worth at least $200 on or before December 30, 1876, Pearson will execute a warranty deed for the prem-

ises, and Wyman shall execute a mortgage to secure the payments, but if Wyman fails to pay taxes, break and build as agreed, he shall forfeit all rights under the agreement.

Under this contract Wyman entered into possession of the premises. He employed the plaintiff to break thirty-five acres of prairie. The plaintiff also did some hauling for a house removed upon the land by Wyman. Wyman placed a house upon the land not to exceed in value $150. He never paid anything upon the land, and never obtained a deed therefor. Wyman surrendered the contract, but was allowed to remain in possession during the year 1878, when he surrendered possession of the premises.

On the 5th day of September, 1876, the plaintiff filed a statement for a mechanic's lien upon the land in the sum of $105 for the breaking, and upon the building and land in the sum of $9.00, for the hauling. The defendant, Pearsall, paid the sum claimed for hauling. The court decreed that the plaintiff's claim for breaking be declared a first lien upon the house, and a lien upon the real estate subject to the amount due Pearsall from Wyman for the purchase price. The defendant, Amos Pearsall, appeals.

*Starr & Harrison*, for appellant.

*J. S. Root*, for appellee.

DAY, J.—The court declared the lien for breaking a first lien upon the building, and a lien upon the land subject to

1. MECHANIC'S LIEN: IMPROVEMENT UPON LAND: BREAKING PRAIRIE. the payment of the purchase-price. The appellant claims that breaking of prairie land is not an improvement on land, within the meaning of section 2130 of the Code, for which a mechanic's lien can be established. Although this question is directly in the case, and, if determined adversely to the right to a lien, decisive of it, yet the appellee has paid no attention to the question in his argument. We regret the necessity of determining a question of first impression, upon a bare presentation of it on

one side, and without any argument whatever from the other side.

Section 2130 of the Code secures a lien to "every mechanic, or other person who shall do any labor upon, or furnish any materials, machinery or fixtures for, any building, erection or other improvement upon land." Does this provision of the statute give a lien for the mere turning over of the soil with a plow? We feel constrained to hold that it does not. The lien is given for any improvement upon land. Now, whilst breaking and turning over of the soil may constitute an improvement of the land, it cannot in any just sense be denominated an improvement *upon* the land. The breaking of the prairie is necessary to the growth of crops, but not more necessary than the annual plowing which precedes the planting of crops. If a lien should be allowed for the first breaking of the prairie, we are unable to see upon what principle it would be denied for the subsequent plowings, which are indispensable to the proper cultivation of the soil. Fertilizers greatly improve land. It would probably not be claimed that a lien would be acquired for hauling manure upon land. It is not proper for us now to undertake to determine to what classes of improvements section 2130 applies. The only question which is before us is, does it apply to the plowing of the soil? We think that to give it such an application would extend it beyond what was contemplated by the legislature, and beyond what its language, fairly construed, justifies. In allowing the lien, we think the court erred.

REVERSED.