[Civ. No. 2389. Third Appellate District.—February 28, 1922.]

## R. J. YOUNG, Appellant, v. JOHN D. SHRIVER et al., Respondents.

[1] MECHANICS' LIENS—PLOWING OF LAND FOR AGRICULTURAL PURPOSES—ABSENCE OF LIEN.—A lien will not lie for the performance of the work of plowing or breaking of lands used or to be used for agricultural or like purposes, whether such plowing or breaking was or was not the initial work of that character done upon the lands.

APPEAL from a judgment of the Superior Court of Madera County. William M. Conley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sherwood Green for Appellant.

G. W. Raburn and J. J. Coghlan for Respondents.

HART, J.—This action is for the foreclosure of a lien of the certain real property described in the complaint for the sum of $926.67 for labor performed on said property by the plaintiff.

The court sustained a demurrer to the complaint on the general ground, and this appeal is by the plaintiff from the judgment entered after and upon the order sustaining said demurrer.

The labor performed by the plaintiff and for which he claims the right to a lien upon the property in question as security for the payment therefor consisted of the plowing of several tracts of land, theretofore in a wild and uncultivated state, and which belonged to the defendant Dunbar, the contract for doing the work having been made by the defendant John D. Shriver, alleged to be the agent of Dunbar, with one M. S. Foss, who in turn subcontracted with the plaintiff to perform the work.

The complaint proceeds upon the theory that the right to a lien for the work of plowing said land is authorized by section 1191 of the Code of Civil Procedure. Said section thus provides: "Any person who, at the request of the owner of any lot or tract of land, grades, fills in, or otherwise improves the same, or the street, highway, or sidewalk in front of or adjoining the same, or constructs any areas, or vaults, or cellars, or rooms, under said sidewalks, or makes any improvements in connection therewith, has a lien upon said lot or tract of land for his work done and materials furnished; provided, that in cases where the improvements made or work done is subject to acceptance by any municipal board or officer, the time for filing claims of lien shall not commence to run until after such acceptance shall have been made."

It is conceded, and in fact an examination of the several sections of the lien law, as embraced in the Code of Civil Procedure, will show to be true, that if a lien is at all permissible for labor performed in plowing agricultural land, whether for the first time or otherwise, the authority therefor must be found in the above section. It is, however, contended by the respondents that said section cannot properly be so construed as to educe therefrom authority for a lien for labor so bestowed. It is further likewise contended that, even if it were true that a lien would lie in such a case, still the lien in this case cannot be allowed for two reasons, viz.: (1) That the section expressly declares and undoubtedly intends that the work or labor for which a lien is allowed under its terms must be done in person by the

party himself taking the contract to do the work; (2) that the party doing the work must be the party directly employed by the owner of the land to perform the labor. In other words, it is the contention that a lien will not lie under said section either where the party employed to perform the labor has not himself done all the work in person, or where the work or labor is done by one who is not directly employed by the owner to perform. [1] We are, however, of the opinion that a lien will not lie for the performance of the work of plowing or breaking of lands used or to be used for agricultural or like purposes, whether such plowing or breaking was or was not the initial work of that character done upon the lands, and it will, therefore, not be necessary to consider the two points last above stated, although, in passing, we are not reluctant to say that we are not impressed with the argument offered in support of either of the propositions.

We have been referred to no California cases, and, after some independent investigation, have found none, in which the point now to be considered was directly presented and decided. The question, so far as we are advised to the contrary, is entirely new in this state. There is, however, a case from the Iowa supreme court, to which we will hereafter refer, which has a direct bearing upon the question involved herein and holds contrary to the position of the appellant.

The counsel for the respondents declare, in one of their briefs, that the right of mechanics, materialmen, artisans, and laborers of every class to a lien upon property upon which they have bestowed labor or for which they have furnished materials for the value of such labor done and materials furnished, is strictly statutory. This is not altogether true. The source of that right is in our organic law. (Const., art. XX, sec. 15.) By that provision of the constitution the legislature is enjoined to provide by law ''for the speedy and efficient enforcement of such liens.'' Of course, the right to compensation for such labor and materials arises out of contract and the constitution merely selects such classes of contracts as those for the enforcement of which an equitable remedy may be invoked. When the legislature established the means or procedure whereby the remedy vouchsafed in such cases by the constitution might

be brought into action, it did all that it was authorized to do by the constitution and we presume that no one will say that the right to the remedy expressly authorized by the organic law can be frittered away by any legislative action or enactment. These observations, however, may be rather academic to the discussion pertinent to the question to be decided here. They are ventured here simply because not only counsel here but other attorneys whose briefs in other similar cases have come under our observation seem to be of the opinion that we must look entirely to the provisions of the mechanic's lien law as enacted by the legislature for the right of the persons for whose benefit such law has been established to invoke the remedy by lien for the enforcement of their contracts. The only question here is, as above suggested, whether it may reasonably be held that to such work or labor as that involved in this case it was contemplated by the framers of the constitution and the people that section 15 of article XX should apply. It is conceded by counsel for the appellant that a lien will not lie for labor performed in plowing lands which had previously been plowed and cultivated, but he contends that where the land is plowed or broken for the first time the situation is entirely different—that is, that such work amounts to a distinct improvement of the land, while succeeding work of that character upon the land after it has once been plowed and cultivated cannot be reasonably said to be an improvement. We are unable to perceive any distinction between the two situations suggested or at the least cannot conceive of any principle upon which the two should be differentiated in this particular. But even if there is some distinction in the matter of the effect of such work upon the land as to its improvement, yet we cannot persuade ourselves to believe that either the provision of the constitution or section 1191 of the Code of Civil Procedure contemplates or was intended to mean that in any case farm lands should be made subject to liens for labor performed thereon. It seems to us that there are substantial reasons why a lien should not lie for labor performed in preparing lands for use for agricultural purposes in any case. If a lien were allowable for plowing the land, by analogy a lien would be allowable for labor performed in fertilizing and cultivating and planting it to crops or in harvesting the crops or any

other labor necessarily incident to the business of farming or of fruit-raising or any other purpose to which large bodies of agricultural lands may be adapted and put. Thus it is readily to be seen that lands used for farming purposes might be perennially plastered with such encumbrances, some perhaps for very small amounts, to the great annoyance of farmers and in many cases detrimental to the farming interests, and such a condition we do not think the law would allow, in view of the just solicitude that the public and the law-making power necessarily have for the prosecution of those industries which constitute the very fundamental of all industrial and material prosperity. Indeed, it is not going too far to say that to allow liens upon farming lands for labor performed thereon would not be consistent with sound public policy.

The legislature of 1913 amended section 1191 of the Code of Civil Procedure by including therein the words ''or tract of land.'' Previous to said amendment there was no statutory authority for allowing a lien for labor of any kind or character performed on a ''tract of land,'' assuming as we may that that phrase was intended to bear the same meaning in the section as it is generally or colloquially understood—that is, a body of land much more extensive in area than the ordinary town or city lots and which may be used for the usual agricultural or other rural purposes. This amendment was perhaps inspired by the fact, which is a matter of common notoriety, that in recent years large bodies of lands have been subdivided into smaller tracts and sold to and occupied by tenants who conduct thereon farming or fruit-raising on a comparatively limited scale, and that many of these smaller tracts are within the suburban zones of towns and cities and which appropriately demand improvements similar to those which characterize city property, such, for instance, as the maintenance of sidewalks and like conveniences, etc. For work bestowed upon or materials furnished for these or upon or for any of the buildings or other structures upon the land a lien would undoubtedly be permissible. We think that this must be the correct conclusion as to the motive or purpose prompting the amendment. At any rate, it seems to us that the language of the section itself, in the very nature of the case, negatives the idea that the work of plowing or any other

56 Cal. App.—42

work necessary to the cultivation of farm lands was intended to fall within the purview of its terms. It will be observed that it provides that any person who grades, fills in, or otherwise improves any lot or tract of land or ''the street, highway, or sidewalk in front of or adjoining the same, or constructs any areas, or vaults, or cellars, or rooms, under said sidewalks, or makes any improvements in connection therewith, has a lien upon said lot or tract of land for his work done and materials furnished.'' Construing that section by the light of the rule of construction, *ejusdem generis*, as thus it should be viewed, it seems to us to be clear that the phrase, ''or makes any improvements in connection therewith,'' must necessarily refer to work or labor of like character to that precedently enumerated; that is to say, that the improvements contemplated by said phrase must in a general way be similar to those described in the section immediately preceding said phrase.

The conclusion at which we have arrived in this case is sustained by the case of *Brown* v. *Wyman*, 56 Iowa, 452 [41 Am. Rep. 117, 9 N. W. 344], above adverted to. In that case a lien was claimed for the labor performed in breaking or plowing virgin prairie land. The claim of lien was based upon section 2130 of the Iowa code, which secures a lien to ''every mechanic, or other person who shall do any labor upon, or furnish any materials, machinery or fixtures for any building, erection or other improvement upon *land.*'' The word ''land'' is as comprehensive as the words ''tract of land,'' even if not more so, inasmuch as it embraces within its usual signification any body of land, whether large or small. The court, denying that a lien would lie in such case, said: ''The breaking of the prairie is necessary to the growth of crops, but not more necessary than the annual plowing which precedes the planting of crops. If a lien should be allowed for the first breaking of the prairie, we are unable to see upon what principle it would be denied for the subsequent plowings which are indispensable to the proper cultivation of the soil. Fertilizers greatly improve land. It would probably not be claimed that a lien would be acquired for hauling manure upon land. It is not proper for us now to undertake to determine to what classes of improvements section 2130 applies. The only question which is before us is, Does it apply to the plowing of the

soil? We think that to give it such an application would
extend it beyond what was contemplated by the legislature,
and beyond what its language, fairly construed, justifies.''

The foregoing language expresses our views with reference
to the provision of our constitution and section 1191 of the
Code of Civil Procedure, relating to liens. Our conclusion
is that, as in the Iowa case so it is true here, to accept
the construction of section 1191 of the Code of Civil Pro-
cedure ascribed to it by appellant would be to extend the
language of said section as well as that of section 15 of
article XX of the constitution beyond what was contem-
plated by either or which is justified by a fair and reason-
able construction thereof.

The judgment is affirmed.

Burnett, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on April 27, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was
acting.