[S. F. No. 10243.   In Bank.—July 9, 1923.]

R. G. THOMAS et al., Respondents, v. O. G. GISMEGIAN et al., Appellants.

[1] MECHANIC'S LIEN—IRRIGATION—GRADING AND LEVELING LAND.—One grading and leveling land to change the surface of the ground so it can be irrigated for farming, which work is in its nature a permanent improvement of the land for the purpose for which it is intended, is entitled to a mechanic's lien therefor.

APPEAL from a judgment of the Superior Court of Fresno County.   S. L. Strother, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Lindsay & Conley for Appellants.

G. L. Aynesworth and L. N. Barber for Respondents.

WILBUR, C. J.—The plaintiffs recovered judgment for the foreclosure of a mechanic's lien for the grading of a tract of land belonging to the defendant.   The plaintiffs' claim of lien was based upon the provisions of section 1191 of the Code of Civil Procedure as amended in 1913 (Stats. 1913, p. 333).   Since the amendment the statute provides that: "Any person who, at the request of the owner of any lot or tract of land, grades, fills in or otherwise improves the same, or the street, highway or sidewalk in front of or adjoining the same, etc. . . . has a lien upon said lot or tract of land for his work done and materials furnished. . . ." [1] The grading and leveling in this case was done to so change the surface of the ground that it could be irrigated, and was in its nature a permanent improvement of the land for the purposes for which it was intended, namely, farming by irrigation.   Appellants contend that the case of *Young* v. *Shriver*, 56 Cal. App. 653 [206 Pac. 99], is controlling, and that if that case is to stand as authority, the judgment

Right to mechanic's lien for cultivation, care, or improvement of soil, or beautifying premises, note, L. R. A. 1917D, 351.

Improvements for which mechanic's lien may be claimed, note, Ann. Cas. 1912B, 8, 16.

in this case must be reversed. The case of *Young* v. *Shriver* dealt with a claim that the first plowing of land, as distinguished from subsequent plowings of the same in the cultivation of crops, was an improvement within the meaning of section 1183 of the Code of Civil Procedure. We have no doubt as to the correctness of that decision as applied to the plowing of lands for the purpose of preparing them for the sowing of seed or planting of crops.

In the case at bar, however, the leveling of the land was in the nature of a permanent improvement as distinguished from the plowing and leveling essential to the raising of annual crops. The statute gives a lien to one who grades or fills in land, and both were essential in this case and are covered by the express terms of the statute. In some sections of the state the initial expense of leveling land so that it can be irrigated constitutes a very large proportion of the permanent value of the land, and there would seem to be no good reason in such cases for declining to allow the person making such improvements a lien therefor in accordance with the express terms of the statute. We are satisfied that the plaintiffs were entitled to a lien upon the premises in question under the express terms of the statute.

Judgment affirmed.

Waste, J., Seawell, J., Kerrigan, J., Richards, J., *pro tem.*, Lawlor, J., and Myers, J., concurred.