[Sac. No. 3594. In Bank.—February 16, 1926.]

H. L. OGDEN, Appellant, v. LEWIS F. BYINGTON et al., Respondents.

[1] MECHANICS' LIENS — IMPROVEMENTS ON AGRICULTURAL LANDS — PERMANENCY—RIGHT TO LIEN.—In considering the application of the provisions of sections 1183 and 1191 of the Code of Civil Procedure to claims of lien for work done or materials furnished in

1.  See 17 Cal. Jur. 34; 18 R. C. L. 916.

connection with agricultural lands, the element of the permanency in the improvement of the land affected is a determining factor.

[2] ID.—CONSTRUCTION OF DITCHES AND LEVEES—STRUCTURAL CHARACTER OR PERMANENCY—ABSENCE OF LIEN.—In this action to establish and foreclose a lien upon agricultural lands arising out of the furnishing by plaintiff to the lessee of said lands of stock and equipment for use in connection with the construction of irrigating ditches and levee work, it was plain that the character of the work done and materials and supplies furnished was not such in point of structural character or permanency as would bring the case within the provisions of either section 1183 or section 1191 of the Code of Civil Procedure so as to subject the lands to any lien predicated upon the performance of plaintiff's contract with the lessee and for the collection of any balance claimed to be due from such tenant by virtue thereof.

---

(1) 40 *C. J.*, p. 65, n. 89 New.   (2) 40 *C. J.*, p. 75, n. 93.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur C. Huston and Harry L. Huston for Appellant.

George K. Ford, Lewis F. Byington and Tirey L. Ford for Respondents.

RICHARDS, J.—This appeal is by the plaintiff from a judgment in the defendants' favor in an action brought by the former to establish and foreclose a lien upon the real property of certain of the defendants. On and prior to March 22, 1920, the defendants, other than T. E. Maroney, were the owners of a large tract of land in the county of Colusa, and thereafter continued to be the owners of said lands down to and after the date of the institution of this action. On March 22, 1920, the said owners of said lands entered into a cropping lease, in writing, whereby they leased to the defendant Maroney their said lands for a period of two years or thereabouts for the purpose of planting and growing thereon "rice and other grain." By the terms of said lease the lessee was to properly irrigate said land and do

---

2.  See 17 Cal. Jur. 37.

all things to insure the growing of a good crop of rice thereon and to harvest the same and to deliver to the lessors one-third in weight of said rice; except that the lessors were to provide two pumps and engines for the supplying of water to certain portions of said premises from a water channel upon said lands, and were also to pay the expense of the necessary plowing and watering of a certain portion of said lands, during the summer of 1920, which had become infested with water grass, for the purpose of eradicating the same. The said lessee went into possession of the whole of said premises under said lease, and on April 12, 1920, entered into a written agreement with the plaintiff herein by the terms of which the latter was to furnish certain stock and equipment at designated prices per month, consisting of teams, scrapers, plows, wagons, truck, tents, utensils, and labor for use "in connection with the construction of irrigating ditches and levee work" upon land generally described as lying about five miles northeast of Colusa, and for which said Maroney was to pay as the said work proceeded. Upon completion of the work contemplated by this agreement the said Maroney not having paid the full amount claimed by plaintiff on account of the performance by him of said agreement, the plaintiff filed and recorded a claim of lien under the provisions of part 3, title IV, chapter II, of the Code of Civil Procedure against the real property of the said owners of said lands covering the balance alleged to remain due upon said agreement; and thereafter and on October 18, 1920, commenced this action for the establishment and foreclosure of said lien. The defendants other than said Maroney appeared and answered, denying the existence and validity of said asserted lien upon their said real property, and in the trial which followed upon the issues thus presented the trial court made its findings of fact and conclusions of law, wherein it found that while the said plaintiff furnished to said Maroney the material, labor, appliances, teams, supplies, etc., to be used and which were used in connection with the preparation of the said lands for the planting of a crop of rice thereon, the said preparation thereof and the work done in connection therewith and the results accomplished thereby were solely and only for agricultural purposes and were part of the work necessary to and included in the cultivation of said lands and the rais-

ing of a crop of rice thereon, and "that no structure or improvement of any kind was constructed or erected on said land nor was any value added to said land." The court made certain other findings not necessary to be considered in our view of the only real question presented upon this appeal.

It is the contention of the appellant that the work done and material and supplies furnished by him in the performance of his contract with Maroney, the tenant of the owners of the lands sought to be subjected to his said lien, was such as is "contemplated and contained within the terms and provisions of the sections of the Code of Civil Procedure relating to the liens of mechanics and material men," and particularly of sections 1183 and 1191 of said code. He chiefly relies upon the provisions of section 1183 thereof for support of his said claim of lien, and upon that portion thereof which provides that "Mechanics, materialmen, contractors, subcontractors, artizans, architects, machinists, builders, miners, teamsters and draymen, and all persons and laborers of every class performing labor upon or bestowing skill or other necessary services or furnishing materials to be used or consumed in, or furnishing appliances, teams and power contributing to the construction, alteration, addition to or repair, either in whole or in part, of any building, wharf, bridge, ditch, flume, aqueduct, well, tunnel, fence, machinery, railroad, wagon road, or other structure, shall have a lien upon the property upon which they have bestowed labor or furnished materials, for the value of such labor done and materials furnished and for the value of the use of such appliances, teams or power," etc. In support of his contention that the labor done, materials and equipment furnished and supplies used by him in the performance of his said contract with Maroney comes within the scope and intent of the foregoing provision of the Code of Civil Procedure the appellant strongly relies upon the decision of the district court of appeal in the case of *Mendoza* v. *Central Forest Co.,* 37 Cal. App. 289 [174 Pac. 359]. That was a case wherein the lien sought to be upheld was one created under a contract for the construction of certain ditches, drains, roads, checking, and other like work in the course of the development of a tract of land so as to prepare the same to be seeded to alfalfa and to provide for the irrigation of the

crop or crops of alfalfa to be thereafter grown thereon. The trial court in upholding said lien referred in its findings to the detailed specifications of the contract for the doing of the said work and to the permanency of its structural character, and in its conclusions of law found and concluded "that the farm development thus erected upon the lands of the Central Forest Company, as aforesaid, constitutes and is a structure within the meaning of section 1183 of the Code of Civil Procedure." In sustaining this conclusion the appellate tribunal held that "the farm development here contemplated was a finished piece of work composed of integral parts, some of which the statute expressly designates as structures, and, when completed, consisted of ditches, drains, embankments, roads, so correlated as to form one harmonious entity designed to accomplish a particular object and constituting a permanent and valuable improvement to the land and necessary to its highest and most profitable uses. When finished it stood out as obvious and visible in its usefulness and its purpose as would a house or barn or any other of the structures enumerated in the statute." A comparison of the findings of the trial court in the foregoing case with those of the trial court in the case at bar will serve to show that the essential characteristic of the work done and improvement made upon the surface of the land in the Mendoza case is entirely lacking from the facts and findings in the present case. The characteristic referred to is that of "permanence." In the former case the specified development to be done was in the preparation of the land for the planting and conservation of a perennial crop, viz., alfalfa; and both the trial and the appellate court designated it to be a permanent and visible structural change in the surface of the land in question, "constituting a permanent and valuable improvement to the land necessary to its highest and most profitable uses." In the case at bar, on the contrary, the findings of the trial court are that the materials furnished and the work done were solely and only done in the preparation of the land in question for the cultivation and raising of a crop of rice thereon; "and that no structure or improvement of any kind was constructed or erected on said land nor was any value added to said land."

[1] When we come to consider the other cases which have been brought before this court or the appellate tribunals involving similar claims or lien for work done or materials furnished under either the provisions of section 1183 or section 1191 of the Code of Civil Procedure, we find that the element of permanency in the improvement of the land affected has been in each instance a determining factor in the disposal of each case. As in the case of *Young* v. *Shriver,* 56 Cal. App. 653 [206 Pac. 99], wherein the lien sought to be imposed was claimed under the provisions of section 1191 of the Code of Civil Procedure, which purports to provide a lien for the grading, filling in or otherwise improving of a lot or tract of land, or the street, highway, or sidewalk in front of or adjoining the same, the court holding that the preparation of agricultural land by plowing or otherwise for the ordinary seasonal or agricultural uses thereof was not such work as was contemplated by said section of the code; and in so ruling the court cites the case of *Brown* v. *Wyman,* 56 Iowa, 452 [41 Am. Rep. 117, 9 N. W. 344], as holding that the breaking up or plowing of virgin prairie land for the growth of crops, while necessary for that purpose, was not more necessary than the annual plowing of such lands which precedes the planting of such crops, and hence was not such work as would entitle the party doing the same to the benefit of a lien upon the land. In the case of *Thomas* v. *Gismegian,* 191 Cal. 497 [216 Pac. 601], wherein a claim of lien was asserted for the grading and leveling of agricultural land so that the same could be irrigated for the purpose of farming by means of irrigation, this court approved the ruling of the appellate court in the case of *Young* v. *Shriver, supra,* but in so doing drew the distinction between that case and the case then at bar, which consisted in the fact that the grading and leveling done in the latter case, as shown by the record in said case, was done upon hilly, rough, ridgy, uneven, hogwallow land which required the grading, leveling, and filling shown to be done as a necessary prerequisite to its cultivation. This court in referring to such work designated it "as in the nature of a permanent improvement as distinguished from the plowing and leveling essential to the raising of annual crops"; and for that reason upheld the asserted lien. [2] From this comparison of these recent decisions it would seem to

be suffiicently plain that the character of the work done and materials and supplies furnished and for which a lien is sought to be established and foreclosed in the instant case was not such in point of structural character or permanency as would bring it either within the provisions of section 1183 or section 1191 of the Code of Civil Procedure so as to subject the lands of the respondents to any lien predicated upon the performance of the plaintiff's contract with the respondents' tenant and for the collection of any balance claimed to be due from such tenant by virtue thereof. This conclusion renders unnecessary a consideration of any other questions presented upon this appeal.

The judgment is affirmed.

Shenk, J., Seawell, J., Lawlor, J., Waste, C. J., Curtis, J., and Lennon, J., concurred.

Rehearing denied.