294 P.2d 703

Royal Audrey BACKUS, Plaintiff and Appellant,

v.

Gus S. HOOTEN and Ella H. Hooten, Defendants and Respondents.

No. 8375.

Supreme Court of Utah.

March 1, 1956.

failed to state a claim upon which relief can be granted.

The complaint alleges that defendants own land in Beaver County, Utah; that they entered into a contract with one Jerry Busby by the terms of which contract Busby agreed to level a number of acres of land on their property; that plaintiff extended credit to the said Jerry Busby and delivered to him certain machinery and equipment which were used by Busby in leveling said lands; that Busby agreed to pay plaintiff for the rental of said machinery and equipment but failed and neglected to fully pay for same, notwithstanding defendants paid Busby sufficient to have paid plaintiff. Defendants failed to obtain a private contractor's bond from Busby.

Plaintiff contends that the contract between defendants and Busby is one for which a private contractor's bond is required, and having failed to require such bond the defendants are liable to plaintiff for the rental value of the leveling machinery and equipment used by Busby in leveling defendants' land.

Sections 14–2–1 and 14–2–2, U.C.A.1953, provide:

"14–2–1. The owner of any interest in land entering into a contract, involving $500 or more, for the construction, addition to, or alteration or repair of, any building, structure or improvement upon land shall, before any such work is commenced, obtain from the contractor a bond in a sum equal to the contract price, with good and sufficient

---

Cline, Wilson & Cline, Milford, for appellant.

Durham Morris, Cedar City, for respondents.

WORTHEN, Justice.

Appeal from a judgment dismissing plaintiff's complaint on the ground that it

sureties, conditioned for the faithful performance of the contract and prompt payment for material furnished and labor performed under the contract. Such bond shall run to the owner and to all other persons as their interest may appear; and any person who has furnished materials or performed labor for or upon any such building, structure or improvement, payment for which has not been made, shall have a direct right of action against the sureties upon such bond for the reasonable value of the materials furnished or labor performed, not exceeding, however, in any case the prices agreed upon; * * *.

"14–2–2. Any person subject to the provisions of this chapter, who shall fail to obtain such good and sufficient bond, * * * shall be personally liable to all persons who have furnished materials or performed labor under the contract for the reasonable value of such materials furnished or labor performed, not exceeding, however, in any case the prices agreed upon."

█ The trial court having dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted, we must examine the complaint in the light most favorable to plaintiff's contention and with every reasonable intendment in favor of the allegations of said complaint.

The ruling presents two questions: (1) Is a contract for leveling land presumably so that it would be more susceptible to irrigation and cultivation a contract "for the construction, addition to, or alteration or repair of, any building, structure or improvement upon land" so as to compel the landowners to require a bond from the contractor? (2) If our first question is answered in the affirmative, does rental equipment furnish to the contractor which enables him to perform the work with less labor come under the term, "material furnished and labor performed under the contract"?

█ We are of the opinion that the work done upon defendants' land in leveling the same is not an improvement upon land requiring defendants to comply with the requirement of the statute.

The reasonable interpretation of the legislative intent, gathered from the statute, would seem to make it applicable only to contracts involving buildings or structures of some sort.

It would seem to constitute a strain on the language of the statute to interpret it so as to hold that the contract before us was one for the construction of an improvement upon land. To reach such a conclusion would require that we put a strained construction on the statute and treat it as saying "For the construction, addition to, or alteration or repair of any building, structure or improvement upon land or for any improvement of land."

The question here presented has not before been passed on by this court, nor has any case been called to our attention, nor have we found one passing on the same.

The cases cited by both counsel involve mechanic's liens and each decision is rendered with respect to the statute of the particular state. Our attention has been called to an early Iowa case [1] which case has not been overruled. The Iowa code secured a lien to "every mechanic, or other person who shall do any labor upon, or furnish any materials, machinery, or fixtures, for any building, erection, or other improvement upon land." Code 1873, § 2130. The lower court declared a lien on the land in favor of one who broke up prairie land by plowing. The Supreme Court reversed the case and used this language:

"Now, while breaking and turning over of the soil may constitute an improvement of the land, it cannot in any just sense be denominated an improvement *upon* the land. The breaking of the prairie is necessary to the growth of crops, but not more necessary than the annual plowing which precedes the planting of crops. If a lien should be allowed for the first breaking of the prairie, we are unable to see upon what principle it would be denied for the subsequent plowings, which are indispensable to the proper cultivation of the soil. Fertilizers greatly improve land. It would probably not be claimed that a lien would be acquired for hauling manure upon land. It is not proper for us now to undertake to determine to what classes of improvements section 2130 applies. The only question which is before us is, does it apply to the plowing of the soil? We think that to give it such an application would extend it beyond what was contemplated by the legislature, and beyond what its language, fairly construed, justifies."

Let it be conceded that leveling land enhances its value and improves its utility. It does not follow that such leveling constitutes an improvement *upon* land. It would seem to be an unreasonable construction to hold that a contract for plowing, seeding, or manuring of land is a contract for the construction of an improvement upon land.

Nor do we feel that it is necessary to call upon any rules of statutory interpretation since the language seems not to require interpretation. However, under a familiar rule of construction the expression "or improvement upon land" can only refer to improvements of a character similar to those immediately before mentioned.[2]

We are of the opinion that Section 14–2–1 did not require defendants to obtain a bond before entering into the contract with Busby to level their land.

Because of our holding that the work which defendants engaged Busby to do does not come within the class for which a bond was required it is unnecessary for us to pass upon the second question raised.

Judgment affirmed. Costs to defendants.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.

1. Brown v. Wyman, 1881, 56 Iowa 452, 9 N.W. 344, 345, 41 Am.Rep. 117.

2. Sutherland Statutory Construction, 3rd Ed., Vol. 2, p. 393, Sec. 4909.