FOSTER & LIBBIE, Appellants, v. J. F. TIERNEY *et al.*

<div style="float:right">91 253<br>97 703</div>

Mechanic's Lien : ARCHITECT NOT ENTITLED TO, WHEN. An architect who prepares plans for a betterment which is not made, is not entitled to a mechanic's lien for such work, though he do some work about the building to be improved, which work, simply, gives him information needed to prepare the plans.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

MONDAY, MAY 21, 1894.

THE following is appellants' statement, in argument, of the facts set out in the petition: "The plaintiffs were architects in the city of Des Moines.

One J. F. Tierney, the owner of the realty described in the petition, employed them, at an agreed percentage of the cost of certain improvements, to plan, devise, and construct plans and specifications for the remodeling and rebuilding of the building . then standing upon the realty. By virtue of this employment, they were necessarily compelled to go, and did go, upon the premises, and into the buildings and improvements then standing, and measured the walls thereof, and dug into the earth about the foundation and examined the walls and foundations, and spent much time and labor in and upon the said buildings and improvements. Upon the said measurements and examinations, they devised and constructed, upon the said premises and in their office, plans and specifications for the erection and completion of the improvements then situate upon the said realty, and the owner accepted such plans and specifications. The plaintiffs' duly filed their statement for a mechanic's lien in Polk county, where the land is situated. The defendants purchased the property of J. F. Tierney with full knowledge of the existence of the claim of plaintiffs, and that they had not been paid for their labor. The plaintiffs brought suit in due time to foreclose their lien, and the defendants demurred to the petition, which was sustained. The plaintiffs appeal."
—*Affirmed.*

*Park & Odell* for appellants.

*Cummins & Wright* for appellees.

GRANGER, C. J.—A ground of the demurrer is that it appears that the contemplated improvements were not made, nor were the plans and specifications used; and the legal proposition is presented whether or not, under such circumstances, a mechanic's lien would attach. By section 3, chapter 100, Acts of the

Sixteenth General Assembly, it is provided: "Every mechanic or other person who shall do any labor upon * * * any building, erection, or other improvement upon land * * * shall have for his labor done or materials, machinery, or fixtures furnished, a lien upon such building, erection, or improvement, and upon the land belonging to such owner on which the same is situated." It is important to observe for what a lien is granted. It is for labor upon a building, erection, or improvement upon land. It is not granted merely for labor upon land. It is not contended that anything more was done in this case, than the preparation of the plans and specifications, which involved some labor in and about the building and premises. The work done was, only, to get information necessary to prepare plans for contemplated improvements or changes. We have no hesitancy in saying that the measurements and work done about the building give to the plaintiffs no greater right to a lien than would the preparation of the plans, and specifications without such work and measurements, if designed for the same premises. It is, then, a question whether or not an architect who prepares plans and specifications for a building that is not erected, or an improvement that is not made, has a lien therefor. Take the case of a building for which such plans are made, and which is not erected, and there is nothing to which the lien can attach but the naked land. Can it be said that work has been done upon the building? The law contemplates that the lien is to attach to the building and the land upon which it is situated. Reading the entire law of the state on the subject of mechanics' liens, and it nowhere expresses, nor does it seem to leave to legitimate inference, a right to such a lien for work, unless it has been done upon, or in aid of, a building or improvement which such work has aided in producing. We are cited by appellants to a number of

authorities in support of their claim, but all of them seem to be in harmony with our view; that is, in all the cases cited, where a lien is held to attach, there is something done in the way of a building or improvement to give rise to the lien. In Indiana, where the lien attaches to the building, it is held that the foundation of a barn constituted a building, within the meaning of the statute. *Scott v. Goldinghorst*, 123 Ind. 268, 24 N. E. Rep. 333. See, also, *Charnley v. Honig*, 74 Wis. 163, 42 N. W. Rep. 220; *Kelley v. Rowane*, 33 Mo. App. 440. In the case of *Knight v. Norris*, 13 Minn. 473, the building was nearly completed, and then abandoned, and the claims of the architect for plans and specifications and superintending the work of construction were adjudged a lien on the premises. We are without any authority in support of the lien claimed in this case, and we do not think that it should be held to exist. The judgment of the district court is in harmony with this conclusion, and it is AFFIRMED.