W. R. PARSONS & SONS, Appellants, v. TIMOTHY BROWN, *et al.*

**Mechanic's Liens:** ARCHITECT. An architect who prepared plans and
1    specifications for improvements on a building, which are made in accordance with such plans, is entitled to a mechanic's lien on the property.

**Practice Supreme Court.** The objection that an architect who draws
2    plans according to which a building is erected, is not entitled to a mechanic's lien, cannot be first urged on appeal.

*Appeal from Marshall District Court.*—HON. B. P. BIRDSALL, Judge.

SATURDAY, APRIL 11, 1896.

ACTION in equity to recover an amount alleged to be due the plaintiffs for services rendered as architects, and to establish a mechanic's lien therefor. There was a hearing on the merits, which resulted in the dismissing of the petition. The plaintiffs appeal.— *Reversed.*

*Read & Read* for appellants.

*H. E. J. Boardman* and *T. Brown* for appellees.

ROBINSON, J.—The plaintiffs are architects, and at
the time of the transactions in question were engaged
in business in Des Moines. The defendants were the
owners of the Tremont House, in Marshalltown, and
employed the plaintiffs to prepare plans and specifica-
tions for changes therein, and improvements, which
were projected by the defendants. The agreement
between the parties, for services to be rendered, was
verbal. The plaintiffs contend that it provided that
they were to receive five per cent. of the cost of the
changes and improvements for full services, which
included the furnishing of plans, specifications, and
detail drawings, and the superintending of the work,
two and one-half per cent. for plans and specifications
only, and one per cent. for sketching in pencil,—the
five per cent. to be computed upon the cost of the
new work, and the cost or value of the portion of the
old building connected therewith, required to be delin-
eated in making the plans and specifications. The
plaintiffs allege: That the cost of the new work was fif-
teen thousand dollars. That the cost or value of the
old work delineated, was eight thousand five hundred
dollars. That they prepared plans and specifications
for steel beams not used, the cost of which would
have been one thousand two hundred dollars; for
certain water closets, not built, which would have
cost eight hundred dollars; and for a steam plant,
the estimated cost of which was two thousand dol-
lars. They also allege that they made a sketch in
pencil for an addition to the building, which was esti-
mated to cost eight thousand dollars. They ask as
compensation, five per cent. of the cost of the new
work, and of the old work delineated, two and

one-half per cent. of the estimated cost of the beams, water closets and steam plant, and one per cent. of the estimated cost of the addition, or a total of one thousand three hundred and fifty-five dollars, and acknowledge payment on that account, of two hundred and fifty dollars. They ask, also, that a mechanic's lien be established on the property, for the balance due. The defendants admit the employment of the plaintiffs, but aver that the agreement required them to draw plans, specifications and details for all work required, which should be of such quality and style that the entire changes and improvements, including labor and material, boilers, plumbing and steam fitting, should not cost more than seven thousand five hundred dollars; and for the plans, specifications and details to be so furnished, they were to receive two and one-half per cent. of the cost of the changes and improvements. The defendants allege that the work done by the plaintiffs was, in particulars which are enumerated, defective and unskillful; that provision was made by them for certain parts of the work to be in an extravagant and unnecessarily expensive style; that a front arch, for which provision was made, was unnecessary, unsightly, and entailed an unnecessary expense of one thousand dollars; and that the defendants were compelled to abandon some of the plans because they were not properly made. The defendants deny that the plaintiffs were employed to superintend the work, and deny that they are entitled to any compensation for superintending it.

I.   The contract of employment was made in Des Moines, by C. H. Parsons for the plaintiffs, and George Glick for the defendants, and was somewhat indefinite. Glick asked what the charges of the plaintiffs were for services as architects, and was told they were two and one-half per cent. for preparing plans and specifications,

and five per cent. for full services in case they superintended. Glick then told Parsons to go to Marshalltown, and make the necessary measurements, and prepare plans and specifications, and that was done. The plaintiffs were not engaged to superintend the work, although they were at the building several times while the work was being done, and gave some directions in regard to it. But it seems to have been necessary for them to visit the building to make measurements and obtain information from time to time, in order to furnish the necessary specifications and detail drawings. The defendants knew of some of the visits, but we find nothing in the record which charged them with knowledge that the visits were made for the purpose of superintending the building. Therefore, we do not think that any allowance for superintendence can be made. The claim of the defendants that the cost of the changes and improvements was not to exceed seven thousand five hundred dollars, and that the commission of the plaintiffs cannot be computed on a greater sum, is not sustained. That the defendants did not understand that a limitation of that kind was imposed by the contract, is shown by the fact that they paid to the plaintiffs, voluntarily, while the work was in progress, two hundred and fifty dollars, or sixty-two dollars and fifty cents more than they say they were required to pay for all the services to be rendered under the agreement. The plaintiffs did not represent that the improvements could be made for seven thousand five hundred dollars, and the defendants knew, from conferences they had with other architects, before engaging the plaintiffs, that the cost would probably much exceed that amount. The improvements made, for which the plaintiffs prepared the plans and specifications, cost about thirteen thousand dollars. They are entitled to

a compensàtion of two and one-half per cent. of that amount, and in addition, the same per cent. of the estimated cost of the steel beams and the ladies' water closets. The former were properly included in the plan, but were finally omitted. The expensive style and finish of the latter, which caused their rejection, were fully authorized by Mr. Brown, during a visit he made to Des Moines, after the employment of the plaintiffs. The estimated cost of the beams and closets was two thousand dollars. We do not find that the plaintiffs are entitled to recover on account of the steam plant, the plan for which seems to have been defective, nor on account of the proposed addition, nor for the cost of the old portions of the building, which were delineated in connection with the improvements. Nothing was said, when the agreement was made, in regard to such a charge, and it was not mentioned by the plaintiffs when they first demanded of the defendants a settlement. We do not think the defendants are entitled to any allowance for alleged defects in the plans which were used. It is our conclusion that the total compensation earned by the plaintiffs, was the sum of three hundred and seventy-five dollars, of which they have received two hundred and fifty dollars, and that they are entitled to recover in this action one hundred and twenty-five dollars, with interest thereon at six per cent. per annum from November 17, 1893.

II. The appellees say, in argument, that the plaintiffs are not entitled to a mechanic's lien for the services they rendered. The case of *Foster v. Tierney*, 91 Iowa, 253 (59 N. W. Rep. 56), does not sustain the claim thus made. The labor under consideration, in that case, was performed for an improvement which was not made, and we held that a lien therefor on the building, the improvement of which had been contemplated, could not be allowed.

But we need not discuss the merits of the question thus raised, for the reason that it was not brought to the attention of the district court, and cannot be presented for the first time here. The decree will provide for a mechanic's lien for the amount due.