### HENRY M. JANDRICH v. JOHN SVABEK.[1]

January 21, 1927.

No. 25,642.

**Foreclosure of architect's lien sustained.**

Upon examination of record in action to foreclose mechanic's lien, *held*:

(1) The evidence supports the findings.

(2) Defendant waived the right of requiring an election. Plaintiff's case was tried upon the theory of recovery for the reasonable value of services and not contract price.

(3) Actual improvement not necessary to establish lien. Lamoreaux v. Andersch, 128 Minn. 261, followed.

(4) Description of premises in lien statement is sufficient when definite enough to enable identification.

(5) When the claim involves but a single item a bill of particulars is not necessary.

Mechanics' Liens, 40 C. J. p. 45 n. 93; p. 220 n. 47; p. 432 n. 64; p. 473 n. 98; p. 474 n. 18.
Pleading, 31 Cyc. p. 732 n. 70.

[1]Reported in 211 N. W. 957.

Defendant appealed from an order of the district court for Ramsey county, Olin B. Lewis, J., denying his motion for a new trial. Affirmed.

*Moritz Heim* and *Donald J. Kelly*, for appellant.

*Masek & Levy*, for respondent.

WILSON, C. J.

Plaintiff, an architect, prevailed in an action to foreclose a mechanic's lien for services in preparing building plans and specifications for defendant. Defendant appealed from an order denying his motion for a new trial.

1. Appellant challenges the sufficiency of the evidence to sustain the finding of the trial court that the last item of labor was furnished on December 12, 1924. This contention is sufficiently answered by a single question and answer in plaintiff's testimony:

"Q. When was the last day on which you performed services on those plans and specifications?

"A. The last work on the plans that I did was, I believe, on December 12, 1924."

The record also shows that plaintiff as a part of his employment checked certain drawings of the St. Paul Foundry on December 12, 1924.

It is urged that the evidence does not sustain the finding that the plans and specifications were furnished to defendant. He denied receiving them. Plaintiff testified that he gave the plans and specifications to defendant in December or January.

2. Plaintiff relied upon an express contract of employment but an implied contract as to value of the services. The complaint alleged that the services "were of the reasonable value and agreed price of the sum of two hundred fifty ($250.00) dollars," which would permit proof of either. Meyer v. Saterbak, 128 Minn. 304, 150 N. W. 901. The remedy is to move the court to direct the pleader to elect. Plummer v. Mold, 22 Minn. 15; Wagner v. Nagel, 33 Minn. 348, 349, 23 N. W. 308. This defendant did. The court received the testimony in support of both but said: "Before he rests I think he ought

to indicate what his position is." Thereafter nothing was said about the matter. If there was any error it was waived. But the record sufficiently discloses that plaintiff during the progress of the trial relied upon reasonable value and not contract. Defendant was not misled. Meyer v. Saterbak, supra.

3. It is claimed that since the plans and specifications were not used there was no "improvement" as used in G. S. 1923, §§ 8490, 8492, 8494 and 8497. There seems to be some authority tending to support this theory. Foster & Libbie v. Tierney, 91 Iowa, 253, 59 N. W. 56, 51 Am. St. 343. However, we have held to the contrary in Lamoreaux v. Andersch, 128 Minn. 261, 150 N. W. 908, L. R. A. 1915D, 204, where the question was thoroughly considered and we think rightly decided.

4. The lien statement described the premises: "Lot two (2), block seven (7) Winslow's Addition to St. Paul." The county and state were not mentioned. The law requires only that the description be sufficiently definite to enable the identification of the premises. Morrison County Lbr. Co. v. Duclos, 138 Minn. 20, 163 N. W. 734. The authorities are considered and discussed in Hydraulic P. B. Co. v. Pierz Co-op. Assn. 169 Minn. 452, 211 N. W. 836.

5. No bill of particulars is necessary in an action of this character where the claim involves but a single item. Dun. Dig. § 6106.

The other assignments of error have been considered but our conclusion disposes of some and the others are found without merit.

Affirmed.