[Civ. No. 18716. First Dist., Div. One. Feb. 15, 1961.]

GEORGE S. NOLTE, Respondent, v. WILLIAM HOW SMITH et al., Defendants; WILLIAM B. CUSACK et al., Appellants.

Robert C. Harris, Caspar W. Weinberger, George A. Williams, Jr., and Heller, Ehrman, White & McAuliffe for Appellants.

Crist, Peters, Donegan & Brenner and John M. Brenner for Respondent.

COAKLEY, J. pro tem.*—Plaintiff George S. Nolte, a licensed civil engineer, prevailed at the trial of this action to foreclose a mechanic's lien for services rendered in connection with a land subdivision project. Defendants, William B. and Eileen Cusack, and others, are owners of the land. The Cusacks appeal.

The trial court found that Nolte was employed to perform the engineering services necessary to subdivide the property into residential lots; that he performed all the terms of the contract; that his services consisted of surveying, planning and mapping said property for such subdivision, preparing a subdivision map for recording, and constructing and erecting permanent markers and monuments upon said property; that he was employed by Archway, Incorporated, a corporation without capital or assets, through which the Cusacks sought to obtain a tax advantage; and that Nolte's employment by Archway, and the performance of his services were with the knowledge of the Cusacks. The appellants do not take issue with the findings just summarized. They contend, however, that there is no substantial evidence to support the additional findings made by the court that Nolte's services (1) were used in a "work of improvement" and (2) that they "materially increased the value of said real property."

It is appellants' position that a lien claimant may not prevail unless the evidence establishes that a "work of improvement" was constructed on the real property as the quoted term is used in Code of Civil Procedure, sections 1181 and 1182, or that his services "improved," or that an "improvement" was made to the land, as those terms are used in section 1184.1 of said code. They contend that no improvement was constructed and that the land was not improved within the contemplation of those provisions.

Before discussing the applicable law these additional facts should be noted. The Cusacks were fully aware of the work which Nolte was performing. They lived on the adjoining

*Assigned by Chairman of Judicial Council.

property and could observe Nolte's crews at work. Also, Mr. Cusack called at Nolte's office on occasions and made suggestions. No notice of nonresponsibility was posted as provided in Code of Civil Procedure, section 1183.1, subdivision (b). Nolte performed the engineering services customarily performed in establishing a subdivision, from the land survey to the preparation of the final subdivision map. The map was ready for approval by the town of Los Altos Hills, and was on the town council's agenda for consideration. The map was never approved because the required bond was not posted. The posting of bond was the responsibility of the owners, Cusack and Smith, or of the subdivider, Archway. It was not the responsibility of Nolte. Appellants do not suggest that Nolte did not fully perform his contract. The record discloses, without contradiction, that Nolte's crews performed engineering services on the property over a period of months, during the course of which they dug for corners, and set stakes, some below the surface so as not to be disturbed by later cultivation. Some of the stakes, markers or hubs were of wood, while others were metal pipe. In answer to a question on cross-examination as to how the metal pipe markers became "permanent improvements," Nolte's office manager, a civil engineer, testified, "These would be boundary corners or street monuments or lot monuments which would be permanent corners."

This is a case of first impression in California. Counsel has not referred us to authority from other jurisdictions on the precise question. Nor has our independent research disclosed such authority. Further, "By reason of the dissimilarity of the mechanic's lien statutes of the different states, the decisions of the courts of one state construing the statute of that state are generally not considered as of great value as precedents in construing the statute of another state." (57 C.J.S. 499-500.) Also, "The supreme court has remarked that the mechanics' lien law of this state has been changed at nearly every session of the legislature since the first statute on the subject was passed, and that many former decisions of the court in relation to it rest on provisions not now in existence." (32 Cal.Jur.2d 596; *Booth* v. *Pendola* (1891), 88 Cal. 36 [23 P. 200, 25 P. 1101].) The amending process did not stop in 1891. It continued periodically until 1957 when, for example, the Code of Civil Procedure, section 1181, was amended to add, by name, "registered engineers [and] licensed land surveyors," to the list of persons entitled to

claim a lien for services; this despite the fact that the Supreme Court, in 1951, had held that a licensed surveyor and civil engineer was entitled to the benefits of the mechanics' lien laws, under a comprehensive interpretation of the term "laborer" as used in the statute. (*Myers* v. *Alta Construction Co.*, 37 Cal.2d 739 [235 P.2d 1].) It is significant that the amending process has been one of liberalization in favor of those who bestow services on the structure or land.

Mechanics' liens are provided for in our Constitution (art. XX, § 15) and by statute (Code Civ. Proc., § 1181 et seq.). ██ It is a right provided ". . . by the organic law, and shall not be lightly considered. . . , the entire purpose of the laws providing for liens of mechanics or materialmen is to secure to them payment for the labor performed or material furnished." (*Bay Lumber Co.* v. *Pickering,* 120 Cal.App. 163, at p. 167 [7 P.2d 371].) ██ "The mechanics' lien law is remedial in character, and should be liberally construed in its entirety with a view to effect its objects and to promote justice." (*Hendrickson* v. *Bertelson,* 1 Cal.2d 430, 432 [35 P.2d 318].)

██ " 'The doctrine upon which section 1192 [now 1183.1] of the Code of Civil Procedure rests is that of estoppel, which is indeed the underlying principle of the entire theory of the mechanics' lien. The owner of real property having, either by his own act or that of another with his consent or knowledge, procured the improvement of such property and received the benefit of the labor or material of another thereby, is deemed to have created an equitable lien upon the premises to secure the payment of the value of such labor and materials.' " (*John R. Gentle & Co.* v. *Britton,* 158 Cal. 328, 332 [111 P. 9].)

The pertinent statutes are Code of Civil Procedure, sections 1181, 1182, 1183.1 and 1184.1. They read, in part, as follows:

Section 1181: "Mechanics . . . registered engineers, licensed land surveyors, . . . and all persons and laborers . . . performing labor upon or bestowing skill or other necessary services on . . . the construction . . . either in whole or in part, of, any building, structure, or other work of improvement shall have a lien upon the property upon which they have bestowed labor . . . whether done or furnished at the instance of the owner or of any person acting by his authority or under him, as contractor or otherwise."

Section 1182: "(a) For the purposes of this chapter, 'work

of improvement' includes, but is not restricted to, the construction, alteration, addition to, or repair, in whole or in part, of any building, wharf, bridge, ditch, flume, aqueduct, well, tunnel, fence, machinery, railroad, or wagon road, the seeding, sodding, or planting of any lot or tract of land for landscaping purposes, the filling, leveling, or grading of any lot or tract of land, the demolition of buildings, and the removal of buildings.

"(b) For the purpose of this chapter, except as otherwise provided herein, 'work of improvement' and 'improvement' mean the entire structure or scheme of improvement as a whole. . . ."

Section 1183.1: "(a) The land upon which any building, improvement, well or structure is constructed, together with a convenient space about the same . . . is also subject to the lien. . . . (b) . . . and the work or labor done . . . with the knowledge of the owner . . . shall be held to have been constructed [or] performed . . . at the instance of such owner. . . ."

Section 1184.1: "Any person who, at the instance or request of the owner (or any other person acting by his authority or under him, as contractor or otherwise) of any lot or tract of land, grades, fills in, or otherwise improves the same, or the street, highway, or sidewalk in front of or adjoining the same, or constructs or installs sewers or other public utilities therein, or constructs any areas, or vaults, or cellars, or rooms, under said sidewalks, or makes any improvements in connection therewith, has a lien upon said lot or tract of land for his work done and materials furnished."

As noted earlier, appellants argue that unless the "work of improvement" or "improvement," in connection with which the services were rendered, takes the form of a structure, including a ditch, well, wagon road, etc. (see Code Civ. Proc., § 1182), there can be no lien. This is particularly true, they argue, with respect to the applicability of Code of Civil Procedure, section 1181. Their argument finds support in the cases which they cite, all of which were decided prior to the 1951 amendments to the statutes and prior to *McIntosh* v. *Funge,* 210 Cal. 592 [292 P. 960, 74 A.L.R. 420], discussed below.

*Humboldt Lumber Mill Co.* v. *Crisp,* 146 Cal. 686 [81 P. 30, 106 Am.St.Rep. 75, 2 Ann.Cas. 811], is one of several cases relied upon. There the building in which the lien claimants'

materials had been used was destroyed by fire before comple-
tion and before the lien was filed. The destruction of the
building was without fault on the part of the owner. The
court held, ". . . the lien has nothing to which it can attach
if filed after the destruction of the building." Accordingly,
enforcement of the lien was refused. From this the appellants
argue, "If there is no lien when the work of improvement is
constructed but destroyed, *a fortiori* there is no lien when
the work of improvement is *never constructed.*"

Appellants ignore *McIntosh* v. *Funge, supra,* 210 Cal. 592,
cited in respondent's brief. In that case two suppliers brought
suit against the contractor for the agreed price of materials
furnished in construction of a residence for defendant owner,
and against the owner, to foreclose mechanics' liens for said
amounts. The building was never completed and after con-
siderable delay was demolished; the concrete foundation was
broken up and removed by the owner, upon order of the
Board of Public Works. The trial court found that the failure
to complete the building was the fault of the owner, not the
contractor. It also appears that through no fault of the con-
tractor or suppliers the foundation of the building had not
been set far enough back on the lot to comply with the build-
ing restrictions of the district. Judgment foreclosing the
mechanics' liens was affirmed. The court expressly distin-
guished the Humboldt case and the cases cited therein, in these
words, at page 601: "In the final analysis, therefore, the
destruction of the building was due to the fault of the owner.
In *Johnson* v. *Smith,* 97 Cal.App. 752 [276 P. 146], it was
held that the fact that hardwood flooring sold by plaintiff to
a contractor was torn out by order of the architect employed
by the defendant owners because of the defective manner in
which the flooring was laid did not defeat plaintiff's right to
a mechanic's lien. The court said, 'The fact that by the act
of the owner of the building the material furnished may have
been rendered useless should not defeat the rights of an inno-
cent materialman.' The reasoning therein enunciated is of
compelling force and is applicable to the present case. The
liens, therefore, were in existence at the date of the judgment
of foreclosure herein, and that judgment was proper."

 Appellants next advance the argument that under the
*ejusdem generis* rule of construction, the term "or makes
any improvements in connection therewith," as used in the
latter part of Code of Civil Procedure, section 1184.1, means
"improvements" of like character to the specifically enumer-
ated items immediately preceding that phrase (street, sewers,

vault, etc.). They cite *Young* v. *Shriver*, 56 Cal.App. 653, which so holds at page 658. [206 P. 99]. But this argument overlooks the first part of the same code section which allows a lien to ''Any person who, at the instance or request of the owner . . . of any lot or tract of land, grades, fills in, *or otherwise improves the same. . . .*'' (Emphasis supplied.) ''Otherwise improves the same'' can only refer to ''any lot or tract of land'' without reference to improvements of the character delineated further on in that code section.

Furthermore, Code of Civil Procedure, section 1182, subdivision (b) reads: ''For the purpose of this chapter, except as otherwise provided herein, 'work of improvement' and 'improvement' mean the entire structure or scheme of improvement as a whole.'' We construe that provision to mean that those within the category of persons entitled to mechanics' liens should have such liens if their services are bestowed upon the structure or land in any phase of the ''scheme of improvement as a whole.'' The *scheme of improvement* in this case was a land subdivision. The work of a civil engineer, which may include land surveys (Bus. & Prof. Code, § 6731), is basic to such a *scheme of improvement*. It is a crime to sell any part of a subdivision until a final map prepared by a licensed surveyor or engineer has been filed with the appropriate public authority. (Bus. & Prof. Code, § 11538.) We hold, therefore, that Nolte's work in this case was as much a part of the scheme of improvement as is the work of a carpenter or other craftsman whose skill is bestowed upon a building which is never completed and ultimately is demolished through the fault of the owner. (*McIntosh* v. *Funge, supra.*)

Appellants also contend that unless the owner derives benefit from the work of the lien claimant no lien attaches, quoting at length from the Humboldt case and citing other cases decided prior to McIntosh, in which the courts discussed benefit to the owner as one of the essential factors giving rise to a lien. But see *Hardwood Interior Co.* v. *Bull*, 24 Cal.App. 129 in which the court held at page 131 [140 P. 702] : ''While it may be true, as suggested by appellant, that the theory upon which the Mechanics' Lien Law is based is that the owner receives a benefit which he is estopped to deny, yet our statute does not seem to contemplate, as an essential prerequisite to the existence of a lien under it, that the owner must be benefited by the labor bestowed or the materials

furnished." Whether or not benefit to the owner is a prerequisite to a lien where the owner is without fault, it is not the rule where the improvement is not completed or is destroyed through his voluntary act. (*McIntosh* v. *Funge, supra.*)

Finally, the appellants argue that to entitle one to a lien the improvement must be of a permanent character. The improvement in question is permanent. The testimony was undisputed that Nolte's crew dug and set permanent monuments in the form of metal pipes, set below the level of the ground, to serve as "boundary corners or street monuments or lot monuments which would be permanent corners." Certainly such monuments are as permanent as ". . . seeding, sodding, or planting . . . for landscaping purposes [or] the filling, leveling or grading . . ." for which a lien may be had (Code Civ. Proc., § 1182), and constitute a "work of improvement" as that term is used in Code of Civil Procedure, section 1181, and "improve" the tract of land, as that term is used in Code of Civil Procedure, section 1184.1.

We are not unmindful that there is authority in other jurisdictions, notably North Dakota (*Buckingham* v. *Flummerfelt,* 15 N.D. 112 [106 N.W. 403]), Iowa (*Foster* v. *Tierney,* 91 Iowa 253 [59 N.W. 56, 51 Am.St.Rep. 343]) and Washington (*Lipscomb* v. *Exchange Nat. Bank of Spokane,* 80 Wash. 296 [141 P. 686]), holding that an architect is not entitled to a lien if the building for which he prepares plans is not constructed or completed. Each of those cases is distinguishable from the instant case on its facts or on the language of the applicable statutes or both. To the extent that they may appear to enunciate a mechanics' lien doctrine contrary to the rule adopted herein, we decline to follow them. On the other hand, we note the opinion of the Supreme Court of Minnesota which upheld a lien of an architect in a case in which no physical change had been effected upon the land. (*Lamoreaux* v. *Andersch,* 128 Minn. 261 [150 N.W. 908, L.R.A. 1915D 204].) In that case an architect was held to be entitled to a lien for his services in preparing plans and specifications. The owner had repudiated his contract with the architect and had abandoned the project before any work of construction commenced. The court construing a Minnesota lien statute, which in substance strongly parallels our Code of Civil Procedure, sections 1181 and 1182, held:

"It must be conceded that the lien statute, if construed literally, does not expressly give a lien when no improvement

is begun on the ground. Can we, by liberality of construction, nevertheless say that a lien may attach under such circumstances? To answer this question correctly, a review of our past decisions is necessary. We have no case where a lien has been granted when there was no tangible improvement on the ground. . . . While it is perhaps difficult to see how the value of property is enhanced in any case by labor or material that does not go into the improvement, or how such labor or material 'contributes to the improvement,' our liberal policy has led to this result where there is an actual improvement. Is it an unwarranted extension of this doctrine to include cases where no improvement is made, when that is no fault of the laborer or materialman? . . . The case of *Foster* v. *Tierney*, 91 Iowa 253 [59 N.W. 56, 21 Am.St. 343], is valuable for the reasoning of the opinion, but the Iowa statute reads somewhat differently from ours, and Iowa is classed as a strict construction state. . . . We place our decision on the language of the lien statute of this state . . . and hold that there may be a lien without an actual 'improvement' and that we can fairly say that plaintiffs 'constructively' contributed to an improvement of defendants' land in this case.

''We must not overlook the fact, as found by the trial court, that defendants prevented the improvement, thus of their own volition and through their breach of contract preventing the work of plaintiffs from actually contributing to the construction of an actual improvement on the land. . . . Though the question is not free from doubt, we have reached the conclusion that the owner cannot in this way destroy the right to a lien.'' (See also *Jandrich* v. *Svabek*, 170 Minn. 24 [211 N.W. 957].) We point out that in our case we have the additional factor of permanent monuments, heretofore discussed, which were not present in the Minnesota case.

*Fitzgerald* v. *Walsh*, 10 Wis. 92 [82 N.W. 717], is likewise in point. In that case the Supreme Court of Wisconsin held that where an architect prepares plans which are accepted by the owner, who abandons the project after commencing but not completing the excavation, the architect is entitled to a lien. The court held that ''commencement of the excavation was the commencement of the building within the statute.''

We hold that the setting of permanent monuments in the ground, for land subdivision, following extensive engineering services, is similarly the commencement of a ''work of improvement,'' or ''improvement,'' and an integral and

essential part of the "scheme of improvement" as those terms are used in Code of Civil Procedure, section 1182.

We affirm the judgment.

Tobriner, Acting P. J., and Duniway, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 12, 1961.