574 P.2d 876 (1977)
Edward CIANCIO and William Ciancio, Plaintiffs-Appellants,
v.
E. Max SERAFINI, C. S. Meurer, and M. R. Meurer, Defendants-Appellees.
No. 76-559.
Colorado Court of Appeals, Division II.
October 27, 1977.
As Modified On Denial of Rehearing November 25, 1977.
Certiorari Denied February 21, 1978.
James G. Johnston, Denver, for plaintiffs-appellants.
Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Denver, for defendants-appellees.
SILVERSTEIN, Chief Judge.
Plaintiffs, Edward and William Ciancio, sought damages from defendants, E. Max Serafini, and C. S. and M. R. Meurer, resulting from a negligent survey. The defendants moved to dismiss on the ground that the action was barred by the statute of limitations, § 13-80-127, C.R.S.1973. The trial court granted the motion and dismissed the action. Plaintiffs appeal. We reverse.
The facts are undisputed for purposes of this appeal. The survey was completed November 18, 1960, and the action was commenced March 29, 1973. The survey was performed for the then owners of the property, who conveyed to plaintiffs. In reliance on the survey, and the corners indicated thereon, plaintiffs constructed a commercial building. In 1972, in preparation for building an addition to the structure, plaintiffs obtained an improvement survey which revealed that defendants' survey was inaccurate. As a result, plaintiffs were unable to construct the addition, with an ensuing loss of rentals.
*877 Defendants contend that § 13-80-127, C.R.S.1973, is controlling. That section provides:
"All actions against any architect, contractor, engineer, or inspector brought to recover damages for injury to person or property caused by the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within two years after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than ten years after the substantial completion of the improvement to the real property . . . ."
Plaintiffs assert that the applicable statute is § 13-80-110, C.R.S.1973, which provides that actions for negligence shall be brought "within six years after the cause of action accrues," relying on the premise that the action did not accrue until the error was discovered in 1972. The sole issue before this court is whether § 13-80-127, C.R.S. 1973, controls.
Defendants argue that the survey constituted an "improvement to the real property." They further assert that, since they are licensed engineers, they are protected by the statute. They rely, in part, on Weather Engineering & Manufacturing, Inc. v. Pinon Springs Condominiums, Inc., Colo., 563 P.2d 346, which held, in determining the date to which mechanics' liens related back, that "the preliminary work of an architect or engineer [surveyor] does constitute `commencement of the work upon the structure or improvement.'" In that case, the survey was part and parcel of a project for the building of condominiums.
Plaintiffs assert that the boundary survey is not an improvement, that surveyors are not included in the class of persons enumerated in the statute, and the fact that these surveyors happen to be engineers does not bring them within the statute since surveys can be performed by registered land surveyors who are not engineers. See § 12-25-204, C.R.S.1973.
This is a matter of first impression in Colorado. The cases in other states which have ruled on the question of whether a survey is an improvement have all involved the interpretation of their various mechanics' lien statutes, so are of limited help. However, there is one common factor which is present in those cases. The cases which hold that a survey is a lienable improvement note that the survey is a part of a project for the construction of a building or structure on the property. See Nolte v. Smith, 189 Cal.App.2d 140, 11 Cal.Rptr. 261, 87 A.L.R.2d 996 (1961); Smith v. DeKraay, 217 Or. 436, 342 P.2d 784 (1959). On the other hand, those holding that a survey is not an improvement involved boundary surveys which were not connected with any building project. See Wilkinson v. Rowe, 266 Ala. 675, 98 So.2d 435 (1957); Daugherty v. Gunther, 88 Wash. 378, 153 P. 336 (1915).
We have found no case, and none has been called to our attention, which holds that a boundary survey alone constitutes an improvement. There is nothing in the complaint here, or in the agreed facts to indicate that the then owners who ordered the survey contemplated construction of a building. The survey shows on its face that it is a boundary survey only. Thus, on the present record, we conclude that the survey was not part of a building project.
Further, we see no helpful analogy between our mechanics' lien statute and the cases interpreting it, and the subject statute of limitations. The mechanics' lien statute, § 38-22-101, C.R.S.1973, includes surveys as work for which a lien arises. The limitations statute is silent as to surveyors and surveys. It is also in derogation of prior common law; therefore the terms must be considered to be exclusive, see Greeley Transportation Co. v. People, 79 Colo. 307, 245 P. 720 (1926), and must be construed strictly. Board of County Commissioners v. Pfeifer, Colo., 546 P.2d 946 (1976).
We hold that a survey which is not part of an improvement or building project does not constitute an "improvement to real property" as that term is used in § 13-80-127, C.R.S.1973, and that actions accruing *878 because of negligence in performing such surveys are not within the purview of that statute.
The judgment is reversed and the cause remanded with directions to reinstate the complaint, and for further proceedings on the remaining issues in the action.
ENOCH and RULAND, JJ., concur.