**FRISCO MOTEL PARTNERSHIP, a Colorado General Partnership, Plaintiff–Appellant,**

v.

**H.S.M. CORPORATION and L.J. Lewis, Defendants–Appellees.**

No. 88CA0678.

Colorado Court of Appeals, Div. II.

Dec. 21, 1989.

Rehearing Denied Jan. 25, 1990.

Certiorari Granted May 29, 1990.

Daniel L. Woodrow and Associates, Daniel L. Woodrow and Michelle B. Teitelbaum, Denver, for plaintiff-appellant.

Ireland, Stapleton, Pryor & Pascoe, P.C., William J. Leone and Melanie S. Rigg, Denver, for defendants-appellees.

Opinion by Judge TURSI.

In this appeal from a summary judgment entered in favor of defendants, H.S.M. Corporation (H.S.M.) and L.J. Lewis, plaintiff, Frisco Motel Partnership (Frisco), contends the trial court erred in concluding that Frisco's breach of contract and breach of fiduciary duty claims were barred by the statute of limitations. We affirm in part, reverse in part, and remand for further proceedings.

Pursuant to an agreement made in 1979 between H.S.M. and Frisco, H.S.M. agreed to construct a motel in Frisco, Colorado. This motel was completed during 1980, but allegedly suffered from a number of construction defects and other problems. These defects and other problems became known to Frisco sometime prior to December 31, 1980.

In February 1985, Frisco commenced this action against the defendants alleging three claims: (1) that H.S.M. was liable for breach of contract; (2) that H.S.M. was the alter ego of Lewis and, therefore, Lewis was personally liable for breach of contract; and (3) that Lewis was a general partner of Frisco and was liable for breach of his fiduciary duties.

After discovery was completed, Frisco moved for summary judgment on all issues. Defendants responded and also filed their cross-motion for summary judgment based upon the two-year statute of limitations for all actions against contractors and builders. *See* Colo.Sess.Laws 1979, ch. 144, § 13-80-127, C.R.S. (Repealed and re-enacted July 1, 1986, Colo.Sess.Laws 1986, ch. 114, § 13-80-104 at 697).

The trial court denied Frisco's motion for summary judgment and granted summary judgment to defendant on claims one and three. It dismissed the breach of contract claim against H.S.M. as barred by § 13-80-127. It also, *sua sponte*, dismissed the breach of fiduciary duty claim as barred by the three-year limitations period of Colo.Sess.Laws 1939, ch. 125, § 13-80-108(1)(b) (Repealed and reenacted July 1, 1986, Colo.Sess.Laws 1986, ch. 114, § 13-80-102(i) at 696). The second claim was not dismissed since the court found issues of fact existed as to whether H.S.M. was the alter ego of Lewis.

Thereafter, the parties stipulated to the dismissal of the second claim and obtained a C.R.C.P. 54(b) certification.

I.

Frisco argues that the court erred in dismissing its first claim for breach of contract against H.S.M. because the damages it seeks for unpaid heating costs are not within the scope of § 13-80-127 but, instead, are governed by the six-year statute of limitations in § 13-80-110(1)(a), C.R.S. (originally enacted Colo.Sess.Laws 1868, ch. LV, § 1 at 438; repealed and reenacted July 1, 1986, Colo.Sess.Laws 1986, ch. 114, § 13-80-103.5 at 697). We agree.

As a part of its breach of contract claim, Frisco sought to recover $40,000 for payment of heating costs which, pursuant to a special condition in the construction contract, it claimed H.S.M. agreed to provide and maintain during the prosecution and completion of construction. Since this claim for heating costs is based upon an express contractual provision separate and independent from any deficiency in the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property, or consequential damage flowing therefrom, we agree with Frisco and hold that this claim is not within the scope of § 13-80-127.

Instead, this claim is governed by the limitations period set forth in

§ 13–80–110(1)(d). That section, as then in effect, required that "[a]ll actions of assumpsit, or on the case founded on any contract or liability, express or implied" were to be commenced within six years after the cause of action accrued. This includes those actions for breach of contract, such as here. *See Winstead v. Criterion Insurance Co.*, 781 P.2d 170 (Colo. App.1989).

Consequently, we conclude that to the extent that the trial court's ruling dismissed Frisco's claim for heating costs as barred by § 13–80–127, it was erroneous. *See Ciancio v. Serafini*, 40 Colo.App. 168, 574 P.2d 876 (1977) (§ 13–80–127 must be construed strictly since it is in derogation of common law).

## II.

■ Frisco also argues that its claim for interest costs caused by H.S.M.'s alleged delays in construction are not within the scope of § 13–80–127 since it is not seeking to recover damages for defects in construction. We disagree.

Frisco's reading of § 13–80–127 to bar only claims for defects in construction is erroneous. A provision of § 13–80–127 expressly includes within the two-year limitations period:

> "any and all actions in tort, contract, indemnity, or contribution or other actions for the recovery of damages for: (I) Any deficiency in the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property...."

This provision is not limited merely to claims for deficiencies in the structure or improvement itself, but also includes claims for consequential damages. *See Cudahy Co. v. Ragnar Benson, Inc.*, 514 F.Supp. 1212 (D.Colo.1981). Interest and other finance charges arising from delays in construction are such consequential damages. *See Cherokee Investment Co. v. Voiles*, 166 Colo, 270, 443 P.2d 727 (1968).

Thus, we conclude that Frisco's claim for interest costs caused by delays in construction of the motel were within the scope of

§ 13–80–127, and the trial court did not err in dismissing this portion of Frisco's claim.

Since Frisco's remaining claims for breach of contract damages against H.S.M. were, concededly, within the scope of § 13–80–127, we find no error in the trial court's dismissal of those claims.

## III.

■ Frisco next argues that even if § 13–80–127 was a bar to Frisco's first claim for breach of contract against H.S.M., the trial court still should not have dismissed it since the alter ego allegations in the second claim for relief against Lewis were dependent upon the survival of the first claim for relief. We find this argument moot.

Frisco voluntarily dismissed its second claim prior to bringing this appeal. Accordingly, without an existing controversy on the alter ego claim, Frisco's argument is merely hypothetical and academic, and any judgment by this court on the issue could have no practical legal effect. Consequently, the issue is moot, and we will not address it. *See Barnes v. District Court*, 199 Colo. 310, 607 P.2d 1008 (1980).

## IV.

Frisco's remaining argument is that the trial court erred in dismissing its claim for breach of fiduciary duty because such a claim is not within the three-year statute of limitations, § 13–80–108(1)(b), but instead is within the five-year statute of limitations, § 13–80–114, C.R.S. (originally enacted Colo.Sess.Laws 1868, ch. LV, § 13 at 439; repealed and reenacted July 1, 1986, Colo. Sess.Laws 1986 ch. 114, § 13–80–101(f) at 695). We agree.

Prior to the 1986 repeal of § 13–80–114, the applicable limitations period for a claim of breach of fiduciary duty was five years. *See Elk River Associates v. Huskin*, 691 P.2d 1148 (Colo.App.1984); *Security National Bank v. Peters Writer & Christensen, Inc.*, 39 Colo.App. 344, 569 P.2d 875 (1977). Since the trial court applied the three-year statute of limitations, § 13–80–108(1)(b), to Frisco's breach of fi-

**1198**

duciary duty claim, we conclude that it erred.

Defendants urge us not to reverse the trial court's dismissal of this claim, however, because Frisco's breach of fiduciary duty claim is, in any event, barred by the two-year limitations period in § 13–80–127. We disagree.

 Construing this statute strictly, *see Ciancio v. Serafini, supra,* we do not believe a claim for breach of a partner's fiduciary duty fits within the scope of § 13–80–127, but instead remains within the exclusive province of § 13–80–114. We, therefore, reject defendants' contention and reverse the trial court's judgment on this claim. In so holding, we do not address the question of whether Frisco's complaint states a claim for breach of fiduciary duty.

The trial court's judgment against Frisco on its first claim for relief against H.S.M. is affirmed, except to the extent of Frisco's claim for heating costs. The judgment is reversed and the cause is remanded as to the claim for heating costs and the claim for breach of fiduciary duty.

SMITH and FISCHBACH, JJ., concur.