## CIRCUIT COURT OF LOUDOUN COUNTY

Ft. Beauregard Assocs., Inc.

v.

Lindsay Ervin & Assocs., Inc.

August 24, 1990

Case No. (Chancery) 12827

By JUDGE JAMES H. CHAMBLIN

At the hearing on August 22, 1990, on the Petition pursuant to § 43-17.1, the Court took under advisement the respondent's Motion to Strike after presentation of the petitioner's evidence. The issue is whether the respondent, a golf course architectural firm, can assert a mechanic's lien under Chapter 1 of Title 43; and, if so, under what circumstances.

For the reasons hereinafter set forth, I am of the opinion that under Virginia law, an architect is entitled to a mechanic's lien if he provides the "labor" required under § 43-3 as interpreted by the Supreme Court in *Cain v. Rea*, 159 Va. 446 (1932). In other words, an architect is entitled to the lien if he puts his labor into the plans for the erection of a building or structure and actually supervises its erection. I reach this opinion because § 43-3 speaks in terms of "performing labor or furnishing materials" as opposed to speaking in terms of "improvement" of real estate as in the Minnesota cases cited by counsel, *Korsunky Krank Ericson Architects v. Walsh*, 370 N.W.2d 29 (Minn. 1985); *Jandrich v. Svabek*, 211 N.W. 957 (Minn. 1927); *Lamoreaux v. Andersch*, 150 N.W. 908 (Minn. 1915), or "work done for and about" a building as in the Maryland case cited by counsel. *Morris*

*J. Liebergott & Associates v. Investment Building Corporation*, 241 A.2d 138 (Md. 1968).

Because the petitioner's evidence did present a *prima facie* case that the respondent did not provide plans and supervise construction pursuant thereto, the Motion to Strike is overruled.