## CIRCUIT COURT OF LOUDOUN COUNTY

Fort Evans Associates et al.

v.

Davis Buckley, P.C.

Case No. (Chancery) 16575

BY JUDGE THOMAS D. HORNE

September 28, 1995

On September 22, 1995, Petitioners filed with this Court a request for the determination of the validity of a mechanic's lien. § 43-17.1, Code of Virginia. They suggest that the lien is clearly without merit and jeopardizes potential financing of the building project covered by the lien. Accordingly, the Court afforded to counsel for the Petitioners and the Respondent an opportunity to be heard and to present limited testimony relative to the validity of the lien.

Respondent is an architectural firm retained by Petitioners to design a medical office building. After submitting certain plans and participating in engineering studies of the site, they were discharged from their contract. The Respondent subsequently relinquished materials which they had prepared in connection with the design of the building and development on the site to the architects currently working on the project. The only work done on the site by an engineering firm working with the Respondent has been certain soils testing which involved a minimum of soil disturbing activity. However, such testing is important in the design of the building and was utilized by the current architect's plans. Respondents did not supervise such testing on site but relied upon the engineering firm for the collection of such data.

This case raises the novel question as to whether an architect may assert a mechanic's lien for work done in connection with soil testing and the development of plans which may later be used by others in the construc-

tion of a building. Because the services of the architectural firm have been terminated prior to the development of the site, they could not be involved in the supervision of work.

Petitioners rely on the decision of The Honorable James H. Chamblin in *Ft. Beauregard Assocs., Inc. v. Lindsay Ervin & Assoc., Inc.*, 20 Va. Cir. 478 (Loudoun County 1990), in support of their position that the instant case is subject to summary disposition. Judge Chamblin, in *Ft. Beauregard*, interpreted the decision of the Supreme Court in *Cain v. Rea*, 159 Va. 446 (1932), as requiring that an architect, in order to be entitled to the benefit of a mechanic's lien, must, in addition to furnishing plans for the building, supervise construction.

This Court is unaware of the extent to which the facts in the *Ft. Beauregard* case may differ from those in the instant proceeding. Under the limited facts presented in this case and the law submitted by counsel, this Court is not prepared at this stage of the proceedings to summarily invalidate a lien filed by this architectural firm concerning a building which, when constructed, may incorporate design features prepared in accordance with the provisions of Respondent's contract with the owners, when the ability of the architect to supervise construction in accordance with such plans has been terminated by the action of the Petitioner.

While it is highly probable that the Respondent may not be entitled to recovery of the full amount claimed under the lien, that issue is one which must be addressed when, and if, a suit to enforce the lien is filed.

This Court is persuaded that the Respondent should be afforded an opportunity to file a written response and that both sides have a chance to thoroughly brief their respective positions. Until such time as the Court acts upon the instant pleading, the Petitioner, as counsel for Respondent has observed, has available the rights afforded pursuant to § 43-71, Code of Virginia.

December 12, 1995

The instant petition was brought to determine the validity of a mechanic's lien filed by an architectural firm. § 43-17.1, Code of Virginia. Petitioners assert that the Court should find the lien invalid as the architects have done nothing which constitutes work done or materials furnished for which a lien may be perfected. Defendant's lien was filed on September 20, 1995. The materials or services furnished are identified in the memorandum as "plans and specifications for a medical office building." In the

memorandum of lien, the type of structure on which the work was done is identified as "medical office building at hospital site."

Evidence presented at the hearing on the Petition revealed that the services of the defendant architectural firm were terminated prior to any construction activity on the site. Certain soils tests were conducted in connection with the proposed plan for construction being developed by the defendant architectural firm prior to its dismissal.

A new architect has been retained for the project who will be involved in the design of a building for the site and any related supervision of construction. It is uncertain as to whether the present architect will rely upon the work of the defendant in the design and construction of the building which will eventually occupy the site.

Buckley asserts that it is premature to determine the validity of its lien. Petitioners counter that, by reason of Buckley's termination of employment, it cannot supervise construction on the site and thus recover upon its lien. Additionally, the petitioners suggest that the work performed in connection with the plans and specifications will never be utilized in the construction of the building and, thus, as a matter of law, cannot form the basis of a suit to enforce.

This action was initiated pursuant to the provisions of § 43-17.1, Code of Virginia, which provides in pertinent part:

> [a]ny party, having an interest in the real property against which the lien has been filed, may, upon a showing of good cause, petition the court of equity having jurisdiction wherein the building, structure, or other property or railroad is located to hold a hearing to determine the validity of any perfected lien on the property .... If the court finds that the lien is invalid, it shall forthwith order that the memorandum or notice of lien be removed from the record.

Mechanic's liens are a creature of statute although they are founded upon a contract. *Sergeant v. Denby*, 87 Va. 206 (1890). As the Court observed in *Cain v. Rea*, 159 Va. 446 (1932).

> It is exclusively the creature of statute, deriving its existence only from positive enactment. There can be no lien independent of statute. It does not arise out of, nor is it the essence of, the contract for labor, nor dependent on the motives which suggest its being enforced. It is a mere incidental accompaniment as a means of enforcing payment . . . [t]he right of payment is not

dependent upon a breach of the contract with the lienor. At 452 (citation omitted).

The provisions of the statute which relate to the creation of the lien are to be construed strictly, while those governing enforcement are accorded a liberal construction. *Clement v. Adams Bros.-Paynes Co.*, 113 Va. 546 (1912).

All persons performing labor or furnishing materials of a value of more than $50.00 in connection with the construction of a building or structure permanently annexed to the freehold are accorded the right to file a mechanic's lien. § 43-3, Code of Virginia. Included within the definition of "materials furnished for the improvement of such building or structure permanently affixed to the freehold" are surveying and earth moving, "required for the improvement of the grounds upon which such building is situated."

As an architect, the petitioner is, "embraced in the protecting provisions of the statute . . . ." *Cain, supra*, at 451. Thus, the Court must determine on the evidence before it whether the petitioner has either performed labor or furnished materials which has enhanced the value of the building or structure to be constructed upon the liened property. *United Masonry v. Jefferson Mews*, 218 Va. 360, 378 (1977). Based upon a consideration of the evidence, the Court cannot conclude that the defendant has either performed work or furnished materials which have enhanced the value of a future building or structure which would be constructed on the property subject to the lien.

The defendant makes an impassioned plea that the timely requirements relating to the period of work to be covered by the lien (150 days) and the limitations on filing upon the completion of work or of the furnishing of materials, mandate that the architect be permitted to pursue its lien. It suggests that to rule otherwise may bar recovery even though the tests and design drawings may enhance the value of a building or structure to be built upon the property. The Court does not believe such possibility of indirect enhancement in value as has been shown in this case justifies the existence of the lien. This, of course, does not leave the defendant remediless, for he is certainly free to pursue his remedy at law for any breach by the petitioner of its architectural contract.

Accordingly, the lien will be deemed invalid, and the clerk is directed to take such action as is necessary to ensure that the memorandum is removed from the record as required by statute.