# CIRCUIT COURT OF HANOVER COUNTY

Dallan Construction, Inc.

v.

Super Structures
General Contractors, Inc.

January 30, 2009

Case No. CL08000473-00

BY JUDGE J. OVERTON HARRIS

Petitioner Dallan Construction, Inc. (Dallan) filed in this Court a Petition to Invalidate the Mechanics' Lien of Super Structures General Contractors, Inc. (Super Structures) pursuant to the Code of Virginia § 43-17.1. The Court heard arguments on January 22, 2009, and took the matter under advisement. Having thoroughly reviewed and considered the evidence and applicable law, the Court finds as follows.

## I. *Background*

For purposes of the Petition, the relevant facts are undisputed by the parties. Dallan entered into an agreement with Super Structures in late 2007 for the construction of a steel building. In reliance upon the agreement, Super Structures performed certain labor and incurred costs in anticipation of commencing the building project. Prior to commencement of the project, however, Dallan cancelled its agreement with Super Structures and pursued the building project with another contractor. All labor or materials attributed to Super Structures were provided in a preparation phase of the project. Nothing provided by or derived from Super Structures efforts was employed in the construction of the building on the real property against which the mechanics' lien is asserted.

## II. *Analysis*

Super Structures claims the challenged mechanics' lien on the basis of the labor it expended, the materials it procured, and the costs it incurred in preparation for the building project. Dallan argues that the mechanics' lien is not valid because Super Structures neither performed labor nor furnished materials to the property subject to the lien.

A mechanics' lien is purely a creature of statute, and it must be founded in a contract with which it must correspond. *First Am. Bank v. J.S.C. Concrete Constr., Inc.*, 259 Va. 60, 62, 523 S.E.2d 496, 497 (2000); *Sergeant v. Denby*, 87 Va. 206, 208, 12 S.E. 402 (1890). The mechanics' lien Super Structures claims is authorized by the Code of Virginia § 43-3(A), which states:

> All persons performing labor or furnishing materials of the value of $50 or more, including the reasonable rental or use value of equipment, for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold, and all persons performing any labor or furnishing materials of like value for the construction of any railroad, shall have a lien, if perfected as hereinafter provided, upon such building or structure. . . .

Super Structures correctly notes that the statute could be parsed to encompass the factual circumstances of this case. Super Structures did perform labor or furnish materials for the construction of a building projected to be permanently annexed to the freehold. Va. Code § 43-3(A). The labor and materials produced by Super Structures did correspond with the stipulated contract asserted as the basis for the mechanics' lien. The prior decisions of the Virginia Supreme Court, however, uniformly stand against imposition of mechanics' liens in cases where labor or materials never actually reached the burdened property. See e.g. *Rosser v. Cole*, 237 Va. 572, 576-77, 379 S.E.2d 323, 326-27 (1989); *United Masonry v. Jefferson Mews*, 218 Va. 360, 378, 237 S.E.2d 171, 182 (1977). This is such a case.

The parties agree that no materials furnished by Super Structures were incorporated into the burdened property or were ever even present at the building site. Thus the "furnishing materials" clause of Va. Code § 43-3 cannot be a basis for the mechanics' lien.

Super Structures claims two types of labor performed which allegedly meet the requirements of Va. Code § 43-3. The first is the fabrication of steel components for use in the planned building project. The building against

which the lien is asserted, however, does not contain a single piece of steel produced by Super Structures. No means, methods, or products of Super Structures' steel fabrication reached the building site. This labor does not allow a mechanics' lien under the "performing labor" clause of Va. Code § 43-3.

The second type of labor claimed is in the nature of building planning or architectural work. It is undisputed that Super Structures performed this type of work in preparation for erection of a building. While architectural labor is contemplated by the statute, *Cain v. Rea*, 159 Va. 446, 451, 166 S.E. 478, 480 (1932), the efforts must have specifically enhanced the value of the burdened property. *United Masonry*, 218 Va. at 378. The building ultimately erected, and now liened, incorporated none of Super Structures' architectural efforts. Where an architect or any other laborer performed work to enhance a building, but cannot show that their work enhanced *the* building against which the lien is asserted, such work cannot be the foundation of a mechanics' lien. See *Fort Evans Assocs. v. Davis Buckley, P.C.*, 38 Va. Cir. 155, 158 (Loudoun County 1995). The architectural and planning work performed by Super Structures, having never enhanced the burdened property, does not fall under the "performing labor" clause of Va. Code § 43-3.

## III. *Conclusion*

The Court finds the mechanics' lien in question to logically be in the nature of an extraterritorial lien. See *Rosser*, 237 Va. at 578. Assuming Super Structures' efforts corresponded with the contract on which its claim relies, it supplied no labor or materials to the burdened property. The contract alone fails to provide the necessary nexus between the efforts of Super Structures and the property. Based upon the findings detailed above, the Petition to Invalidate is granted.